**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHEKU DEEN YANSANE, a/k/a<br>Sheku Deen Yansani, C.C.C.F.<br>Detainee No. 100011919,<br>A# 216 083 686,<br><br>Petitioner,<br><br>v.<br><br>DHS, et al.,<br><br>Respondents. | CIVIL ACTION NO. 3:26-cv-02147<br><br>(SAPORITO, J.) |

**MEMORANDUM**

On June 15, 2026, the United States District Court for the District of Columbia received and filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, signed and mailed by the pro se petitioner, Sheku Deen Yansane. Doc. 1. On July 27, 2026, the case was transferred to this court in light of the petitioner's place of detention. Doc. 5.

At the time of filing, Yansane was a convicted prisoner in the custody of the Federal Bureau of Prisons ("BOP"), confined at FCI Allenwood, a federal correctional facility located in Union County, Pennsylvania. In his petition, Yansane challenged the legality of an immigration detainer lodged against him. He sought an order granting a

writ of habeas corpus and enjoining U.S. Immigration and Customs Enforcement ("ICE") from taking him into custody for civil immigration detention when his prison sentence expired on October 27, 2026.

On October 27, 2026, Yansane was released from BOP custody and transferred into the custody of immigration officials pursuant to an ICE detainer. He was then transported to Clinton County Correctional Facility, an ICE detention facility, where he remains in civil immigration detention.

"For a court to have jurisdiction over an immigration-related habeas corpus claim, the petitioner must be in the 'custody' of the federal immigration agency . . . when he filed his petition." *Kumarasamy v. Att'y Gen. of U.S.*, 453 F.3d 169, 172 (3d Cir. 2006) (citing 28 U.S.C. § 2141(c)); *see also Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 159 n.5 (3d Cir. 2020) ("For purposes of jurisdiction over an immigration-related habeas corpus claim, a petitioner must be in the 'custody' of the federal immigration agency at the time the petition is filed."). At the time of filing, Yansane was a federal prisoner serving a criminal sentence in BOP custody. Although an ICE detainer had been lodged with the BOP, "a prisoner who is serving a criminal sentence is not in ICE custody simply

because ICE has lodged a detainer against him with the prison where he is incarcerated." *Adams v. Apker*, 148 Fed. App'x 93, 95 (3d Cir. 2005) (per curiam).

Accordingly, the petition must be dismissed without prejudice for lack of jurisdiction.

An appropriate order follows.

Dated: November 6, 2026

***s/Joseph F. Saporito, Jr.***
JOSEPH F. SAPORITO, JR.
United States District Judge